IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LORENZO JOHNSON, # 127332, | ) Civil Action No. 3:05-2064-SB-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| EDWARD GRAY, HSC-BRCI; | ) |
| WARDEN W. WHITE, BRCI; AND | ) |
| LARRY WALTON, HSC-BRCI; | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| | ) |

Plaintiff filed this action on July 30, 2005.[1] At the time of the alleged incidents, Plaintiff was an inmate at the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC"). He has since been transferred. See Plaintiff's Notification of Address Change (Doc. 90). Defendants, Edward Gray ("Gray"), Warden White, and Larry Walton, are all employees of SCDC. On September 16, 2005, Plaintiff filed an amended complaint. Defendants filed a motion for summary judgment on March 24, 2006. Plaintiff, because he is proceeding pro se, was advised on March 29, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment could result in the dismissal of his complaint. Plaintiff filed numerous pleadings concerning other issues, but does not appear to have responded to Defendants' motion for summary judgment. On June 7, 2006, the undersigned ordered that Plaintiff advise the court as to whether he wished to continue to prosecute this action. Again, Plaintiff did not specifically reply to the order, but on June 14, 2006 he filed a notice that he

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this Report and Recommendation is entered for review by the court.

was seeking arrest warrants against Defendants. On October 4, 2006, Plaintiff filed what appears to be a motion for default judgment.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff appears to allege that Defendants violated his constitutional and statutory rights by placing him on "lock-up" for filing a grievance. Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff fails to state a claim against Defendants; (2) Defendants are not persons as defined by 42 U.S.C. § 1983; (3) Defendants are entitled to Eleventh Amendment immunity in their official capacities; (4) Plaintiff has not alleged any facts which would support any claims for violations under the United States Constitution or any other Federal right, privilege, or immunity;[2] (5) Defendants are entitled to qualified immunity; and (6) this action should be dismissed pursuant to 28 U.S.C. § 1915 (a) and (e) and should count as a strike.

1.     Retaliation

Plaintiff alleges that he was placed in administrative segregation in June 2005 for filing a grievance. Defendant Gray, Plaintiff's primary mental health therapist for Plaintiff at SCDC, states that Plaintiff had exhibited unpredictable, delusional behavior and made threatening remarks to staff members. He states that Plaintiff was placed on Crisis Intervention ("CI") status on June 14,

---

[2]Plaintiff cites certain Federal (18 U.S.C. §§ 241, 242, 2241, and 2340 and 42 U.S.C. § 1997e(5)) and South Carolina statutes (S.C. Code Ann. §§ 44-22-200, 44-23-240, and 44-17-900) in his amended complaint. There is no subsection (5) to 42 U.S.C. § 1997e and Plaintiff has not shown that he has a private cause of action under the other statutes. Plaintiff also appears to be requesting that this court institute criminal actions against Defendants. No citizen has an enforceable right to institute a criminal prosecution. Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also Lopez v. Robinson, 914 F.2d 486 (4th Cir. 1990) (prison officials entitled to qualified immunity for their actions in screening inmate requests that they be transported to court to press criminal charges).

2005, because Plaintiff was considered a threat to himself and others. Plaintiff was later taken off CI status, but remained in lock-up to better meet his treatment needs and to protect staff members. Gray Affidavit. Defendants have also submitted copies of Plaintiff's medical records indicating that he received medical care at the SCDC Medical Clinic for various physical and psychological problems, and was involuntarily admitted to the Gilliam Psychiatric Hospital several times including the period of June 15 to 27, 2005. Attachments to Defendants' Motion for Summary Judgment.

Plaintiff fails to establish a claim for retaliation. Bare assertions of retaliation do not establish a claim of constitutional dimensions. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995). In order to state a claim for retaliation, an inmate must show that the alleged retaliation had an adverse impact on the exercise of his constitutional rights. Id. at 75. "In the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by definition "retaliatory" in the sense that it responds to prisoner misconduct.'" Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996)(en banc), citing, Adams, 40 F.3d at 74. Further, Gray has provided legitimate penological reasons for placing Plaintiff in CI and then administrative segregation.

  2.  Administrative Segregation

Plaintiff may also be attempting to allege that his constitutional rights were violated because he was placed in administrative segregation. Defendants contend that assigning an inmate to administrative segregation does not invoke due process protections and inmates do not have a protected liberty interest in receiving or retaining any particular security or custody status. They

3

also contend that Plaintiff fails to show that his placement in administrative segregation violated his Eighth Amendment rights.[3]

Plaintiff fails to show that his constitutional rights have been violated by his placement in administrative segregation or lock-up. Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483. In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Under the analysis set forth in Sandin, Plaintiff cannot show that he has a protected liberty interest in his security or custody classification. Id. at 483-85; see Backey v. South Carolina Dep't. of Corrections, 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996) [Table](allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights); Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. December 21, 1995)[Table]("Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure."); Reffritt v. Nixon, 917 F. Supp. 409, 412 (E.D.Va.

---

[3]Plaintiff may be attempting to claim that he has been exposed to cyber sexual attacks by SCDC employees as a result of his placement in administrative segregation. These claims, however, were litigated in a prior action (Civil Action 3:05-1057-SB-JRM).

1996)(plaintiff has no protected interest in remaining in or being released into general population), aff'd, 121 F.3d 699 (4th Cir. 1997).

3. Immunity

Defendants contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

5

Defendants also argue that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

## MOTION FOR DEFAULT JUDGMENT

On October 4, 2006, Plaintiff filed a pleading titled "Rule 58 Default[,] Rule 68 Consent to Judgment[, and] Rule 77 Court Order." It is unclear, but Plaintiff appears to be requesting that default judgment be entered against Defendants Walton and White because they have not answered

his summons and complaint. Defendants, who do not appear to have been served, have not responded.[4]

It is recommended that Plaintiff's motion be denied. Defendants filed an answer (Doc. 29) to Plaintiff's amended complaint on November 21, 2005. Returns of service (Docs. 32-34) indicate that Defendants were served on November 4, 2005. Thus, Plaintiff has not shown that Defendants, who timely answered and have defended this action, are in default. See Fed. R. Civ. P. 55.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 83) be granted and Plaintiff's motion for default judgment (Doc. 89) be denied.

Respectfully submitted,

s/Joseph R. McCrorey
November 29, 2006                    United States Magistrate Judge
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[4]There is no indication that Plaintiff served Defendants with a copy of his motion. The Federal Rules of Civil Procedure require:
> Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders..., every paper relating to discovery required to be served upon a party unless the court otherwise orders,... shall be served upon each of the parties.

Fed. R. Civ. P. 5(a). Additionally, "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service...." Fed. R. Civ. P. 5(d).

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).