IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, S

2007 JAN 22  P 12: 25

| | |
|---|---|
| Lorenzo Johnson, #127332, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:05-2064-SB |
| ) | |
| Edward Gray, HSC-BRCI; ) | **ORDER** |
| Warden W. White, HSC-BRCI; ) | |
| and Larry Walton, HSC-BRCI, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon the *pro se* Plaintiff's complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of the United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On December 7, 2006, the Plaintiff filed timely objections to the R&R.

## BACKGROUND

The Plaintiff filed the present § 1983 complaint on July 30, 2005.[1] On September 16, 2005, the Plaintiff filed an amended complaint, wherein the Plaintiff alleges that the named Defendants violated his statutory and constitutional rights by placing him on "lock up" in

---

[1] At the time he filed his complaint, the Plaintiff was incarcerated at the Broad River Correctional Institution of the South Carolina Department of Corrections ("BRCI"), but according to his notification of address change, filed on October 4, 2006, the Plaintiff is no longer at BCCI.

retaliation for filing a grievance.[2] The Plaintiff seeks four-hundred and five million dollars ($405,000,000.00) in damages in for the alleged violation(s) of his rights. On March 29, 2006, the Defendants filed a motion for summary judgment arguing that: (1) the Plaintiff's complaint fails to state a claim against the Defendants; (2) the Defendants are not "persons" as defined by 42 U.S.C. § 1983; (3) the Defendants are entitled to Eleventh Amendment immunity in their official capacities; (4) the Plaintiff has not alleged any facts that would support any claims for violations under the United States Constitution or any other federal right, privilege, or immunity; (5) the Defendants are entitled to qualified immunity; and (6) this action should be dismissed pursuant to 28 U.S.C. § 1915 (a) and (e), and it should count as a strike.[3]

On March 29, 2006, the Magistrate Judge advised the Plaintiff, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a motion for summary judgment had been filed by the Defendants and that a failure to respond to the Defendants' motion could result

---

[2] As the Magistrate Judge points out in his R&R, the Plaintiff cites certain federal statutes (18 U.S.C. §§ 241, 242, 2241, and 2340, and 42 U.S.C. § 1997e(5)) in his amended complaint. However, the first three federal statutes the are federal crimes, and the fourth is the definition of torture. Also, there is no subsection (5) to 42 U.S.C. § 1997e, so it is not clear to what the Plaintiff refers. Ultimately, to the extent the Plaintiff is requesting the Court to institute criminal actions against the Defendants, such request is not cognizable because no citizen has an enforceable right to institute a criminal prosecution.

[3] Between the Plaintiff's filing of his amended complaint on September 16, 2005, and the Defendants' filing of their motion for summary judgment on March 29, 2006, the Plaintiff filed approximately 60 random pleadings including, *inter alia*, various motions to amend his complaint, which the Magistrate Judge denied, various letters and notices, and various other motions, including a motion for attorney's fees and sanctions and even a motion to prepay his federal income taxes for 2006.

2

in dismissal of his complaint. When the Plaintiff did not respond to the Defendants' motion for summary judgment, the Magistrate Judge filed an Order on June 7, 2006, granting the Plaintiff 15 days to notify the Court as to whether he wished to continue the action. Although the Plaintiff did not specifically respond to the Defendants' motion for summary judgment, on June 14, 2006, the Plaintiff filed a pleading entitled, "amended memorandum, amended judgment per Rule 50, judicial notice of Rule 77, S.C.R.C.P., judicial notice of Rule 50 in record, judicial notice of whole record, and judicial notice of arrest warrants." On October 4, 2006, the Plaintiff filed a motion for "Rule 58 Default, Rule 68 Consent to Judgment, and Rule 77 Court Order."

## STANDARD OF REVIEW

I.     **Summary Judgment**



To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. <u>Perini Corp. v. Perini Constr., Inc.</u>, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." <u>Teamsters Joint Council No. 83 v. Centra, Inc.</u>, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time

for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

## II.     Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and hereby incorporates it into this Order by specific reference.

## DISCUSSION

In his Complaint, the Plaintiff alleges that he was placed in "lock up," or

administrative segregation, in retaliation for filing a grievance. According to the affidavit of Defendant Gray, the Plaintiff's primary mental health therapist at SCDC, the Plaintiff was placed on Crisis Intervention ("CI") status on June 14, 2005, because he had exhibited unpredictable, delusional behavior and had made threatening remarks to staff members. The Plaintiff was later taken off CI status, but he remained in administrative segregation. Also, according to the Plaintiff's medical records, the Plaintiff had received medical care at SCDC Medical Clinic for various physical and psychological problems, and he had been admitted to the Gillian Psychiatric Hospital several times, including the period of June 15-17, 2007.

To state a claim of retaliation under § 1983, the Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72 (4 th Cir. 1994), cert. denied, 514 U.S. 1022 (1995). Here, the Court agrees with the Magistrate Judge that the Plaintiff's complaint fails to state a claim for retaliation because "[t]here is no constitutional right to participate in grievance proceedings." Id. ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Moreover, Defendant Gray's affidavit and the Plaintiff's medical records certainly provide legitimate penological reasons for placing the Plaintiff on CI status and then in administrative segregation.

Furthermore, to the extent that the Plaintiff asserts that his placement in administrative segregation violated his constitutional rights, such assertion is without merit because "such

5

confinement does not implicate a liberty interest entitled to due process protections, as it is not an a typical, significant hardship of prison life." Yarborough v. Robinson, 166 F.3d 377 (Table), 1998 WL 879660, *1 (4th Dec. 17, 1998) (unpublished) (citing Sandin v. Conner, 515 U.S. 472, 486 (1995)). Thus, as the Magistrate Judge properly concluded, the Plaintiff's placement in administrative segregation for medical and security reasons does not violate the Plaintiff's constitutional rights.[4]

On December 7, 2006, the Plaintiff filed objections to the Magistrate Judge's R&R. In his objections, the Plaintiff first asserts that the Defendants needed a court order to hold him on lock-up for his mental illness. Next, the Plaintiff states that he thought his complaint was a motion for summary judgment because he asked for damages. He then asserts that his threatening remarks were part of a "liberty protected grievance." (Pl.'s Obj. at 1.) Then, after making various nonsensical statements, the Plaintiff states, "These are 'persons' defined in '1983.' They are not 'arms of the state.' They are individual[s] who think they can do what they want, but criminal conviction is part of there [sic] future." (Pl.'s Obj. at 2.) Finally, on the last page of his objections, the Plaintiff makes a motion for default judgment,



---

[4] Finding that the Plaintiff's complaint fails to state a claim, the Court need not address whether the Defendants are entitled to Eleventh Amendment immunity or qualified immunity. However, as a practical matter, the Court notes that it agrees with the Magistrate Judge's findings. First, Eleventh Amendment immunity extends to the Defendants being being sued in their official capacities for monetary damages. Second, to the extent the Plaintiff is suing the Defendants in their individual capacities, the Defendants are entitled to qualified immunity because the Plaintiff has not established that the Defendants have violated any of his clearly established constitutional rights.

asserting that the Defendants did not answer his complaint.

Overall, the Plaintiff's objections simply are without merit. First, the Plaintiff does not respond in any meaningful way to the R&R. Moreover, the statements made by the Plaintiff make very little sense, both logically and legally. Ultimately, because the Plaintiff's objections raise nothing of merit that would contradict the Magistrate Judge's R&R, the Court finds them undeserving of further attention.

Finally, with respect to the Plaintiff's motion for default judgment, the Court finds this motion entirely without merit because the Defendants did answer the Plaintiff's complaint on November 21, 2005. Moreover, the Defendants filed a motion for summary judgment. In light of the fact that the Defendants responded to every filing that required a response, the Plaintiff simply is not entitled to default judgment against the Defendants.

## CONCLUSION

Based on the foregoing, the Court adopts the R&R and it is

**ORDERED** that the Defendants' motion for summary judgment is granted, and this matter is ended.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

January 22, 2007
Charleston, South Carolina